```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DANIEL F. FLYNN<br><br>          Appellant,<br><br>     v.<br><br>BRIAN S. THOMAS.<br><br>          Appellee. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-0577(JEI)<br><br>**OPINION** |

**APPEARANCES:**

Daniel F. Flynn
313 Gull Road
Ocean City, NJ 08006
          Pro Se

Lawrence K. Lesnik, Esq.
NORRIS MCLAUGHLIN & MARCUS, PA
721 Route 202-2-6
Bridgewater, NJ 08807
          Counsel for Appellee


**IRENAS**, Senior District Judge:

     This matter appears before the Court upon Appellee's Motion to Dismiss Appeal on Grounds of Mootness and Appellant's Motion to Void the Sale.  Because the Appellant, Flynn, did not seek or obtain a stay, pending an appeal on the Bankruptcy Court's order authorizing the Trustee to execute closing documents, his appeal of the order will be declared moot pursuant to 11 U.S.C. § 363(m) and his motion to void the sale will be denied.

                                1

**I.**

This appeal, one of four arising from the same bankruptcy proceeding (09-20417), is from an Order Authorizing Trustee to Execute Corporate Resolutions and All Documents Necessary to Effectuate a Court Ordered Closing ("Order"), signed on December, 22, 2009 by United States Bankruptcy Court Judge Burns. Appellee, Thomas, is the Trustee, appointed by the Bankruptcy Court when Appellant's chapter 11 case was converted to a chapter 7 case. The closing discussed in the Order is the closing of the sale of Flynn's interests in a number of businesses to the remaining shareholders of said businesses, as approved by the Bankruptcy Court on November 4, 2009. (Dkt. No., 95).[1]

The purchaser of Flynn's interest, a company named Cape-Atlantic Holdings, LLC, is compromised of a group, known as the 50% shareholders: Francis J. Lamb, Louis Klause, Abraham Koch and Ronald Stablini.[2] These men are also the named Appellees in another appeal filed by Flynn in front of this Court. (10Cv2278). The 50% shareholders, according to a brief they submitted on July

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157. This Court has jurisdiction over Flynn's appeal under 28 U.S.C. § 158(a).

[2] Flynn and the 50% shareholders collectively were franchises under eight franchise agreements with Burger King ("BK Franchise agreements.) They had assigned each of the BK Franchises to eight separate business entities that in turn each operate a Burger King Restaurant. These Franchises were managed by Flynn's Company, D.F. Flynn Enterprises ("Flynn Enterprises").

14, 2009, to the Bankruptcy Court in support of a motion to compel the sale of Flynn's interests, had "assembled an investor group that has offered to purchase the BK Franchisees and the related real property." Br. In Support of Motion to Compel Sale, 2, ¶3. (Bankruptcy Court Dkt. 36-1). The 50% shareholders went on to explain that another investor group, with no relationship to the Franchises had also submitted a bid for the BK Franchises and related real property to Flynn. Apparently, all parties, including Flynn's counsel, recognized that this alternate bid was substantially inadequate. Furthermore, they relayed to the Bankruptcy Court that at the time, despite Flynn's marketing efforts, no additional bids had been submitted and the deadline to submit bids, as outlined in the Consent Order (Dkt. no. 32), had expired (on June 25, 2009).

    Thomas participated in the closing of the sale where Flynn's business interests were "sold in exchange for consideration of $278,000.00 and an assumption of significant amounts of contingent liabilities and a promise to pay an additional $100,000.00 of consideration a year after such closing." Certification in Opposition to Appellant's Motion to Void the Sale of the Business, 5, ¶14. Flynn filed this appeal on January 5, 2010.[3] Flynn contends that the record is ripe with examples

---

    [3]Flynn contends, in his Brief in Opposition to the Motion to Dismiss the Appeal for Mootness, that the appeal, filed on January 5, 2010 "would be governed by Rule 9072-1 which provides

of bad faith by the purchasing party and the trustee, so to vitiate the legitimacy of the sale and the Trustee's execution of the closing documents.

**II.**

Under Section 363(m), "the reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased it or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."  11 U.S.C. § 363(m).  This concept is known as statutory mootness.

"The Third Circuit has held that there are two prerequisites for § 363(m) "statutory" mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." *Krebs Chrylser-Plymouth v. Valley Motors*, 141 F.3d 490, 499 (3d Cir. 1998).  The Third Circuit also held that "when a bankruptcy court

---

for an automatic stay of 14 days regarding real property and the assumption of unexpired leases." Appellant Br. in Opp., 2 (Dkt. No. 4-1).  Flynn seems to be referring to District of New Jersey Local Bankruptcy Rule 9072-1 which specifies the procedure for granting an order. There is no mention in the D.N.J. LBR 9072-1 of an automatic 14 day stay.

authorizes a sale of assets . . . it is required to make a finding with respect to the 'good faith' of the purchaser. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-50. (hereinafter referred to as "*Abbotts*"). Thus, "[e]ven if a party fails to obtain a stay of a sale order, that party may still challenge the sale on the grounds that the entity who purchase the property did not do so in good faith." *In re Wal-Mart Real Estate Business Trust v. Bedford Square Associates, LP*, 259 B.R. 831, 836 (E.D. Pa 2001).

When a district court reviews a bankruptcy court's decision, it applies a clearly erroneous standard to its findings of fact and a *de novo* review to its legal conclusions. Fed.R.Bankr.P. 8013; *Matter of Excalibur Auto. Corp.*, 859 F.2d 454 (7th Cir. 1988).

### III.

It is evident from the Bankruptcy Court record that the underlying sale was not stayed pending this appeal.[4] Furthermore, it is evident that if this Court were to find for Flynn in this appeal, it would effect the validity of the sale authorized by the Bankruptcy court. Thus, Flynn's appeal does fall into the "statutory mootness" category.

However, Flynn alleges that the purchasers were not acting

---

[4] Flynn did finally file a Motion to Stay Pending the Appeal on March 29, 2010 (Bankruptcy Ct. Dkt. No. 205). Yet, the sale had been completed almost three months previous.

in good faith and therefore, he is still able to challenge the sale (or the order authorizing the Trustee to execute the closing of the sale). His allegations are wide ranging and cover everything from the Trustee's refusal to provide an accounting of the sale to the submission of a "doctored" HUD sheet, fabricating the sale. Furthermore, Flynn believes "the only reason the shareholders have operated these restaurants since the closing is the adversity exhibited by the Trustee." Appellant Br., 2.

While the Bankruptcy court did not explicitly make a finding of good faith on behalf of the purchaser, it did determine that "[g]ood and sufficient notice of the proposed sale has been given and no further notice is required. All interested parties have been given a reasonable opportunity to object . . . [and finally] [t]here are sound business justifications for consummating the sale at this time." This Court accepts these findings of facts as true and is presented with no evidence that shows them to be clearly erroneous.

While this is not the precise good faith determination expected in *Abbotts*, as highlighted in an opinion by another Bankruptcy Court in the District of New Jersey, the situations between the case at bar and that in *Abbots* are distinguishable. *In re A.D. Mac Consulting Corp.*, 2008 WL 4186896 at *1 (Bankr.D.N.J. 2008). First, the sale in *Abbots* was by a debtor-in-possession in a chapter 11 case. Here, the sale of Flynn's

6

interests was overseen by a Trustee after Flynn's case had been converted to a chapter 7 . As the very purpose of Chapter 7 is "liquidation of all the assets by a Trustee," the motivation to advance a sale is not questionable in Chapter 7; instead, it is the entire point of the proceedings. *Id.* at *2. This Court assumes that the Third Circuit implicitly recognized the distinctions between chapter 7 and chapter 11 when it required a bankruptcy court, in a chapter 11 case, to make a finding of good faith. *Id.*

The purchasers paid value for Flynn's interests in the businesses. Perhaps the amount was not as much as he would have liked or expected, but they did pay value and also assume significant amounts of contingency liabilities. Furthermore, the sale was overseen not just by the Bankruptcy Court, but also by a trustee whose goal was to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). As the Bankruptcy Court stated, there were "sound business justifications" for approving the sale in the absence of other bidders. In other words, this Court is confident, from the record below, that the purchaser, Cape Atlantic was acting in good faith. Therefore, Appellant's instant appeal is moot under 11 U.S.C. § 363(m).

IV.

7

For the reasons stated above, this Court will grant Appellee's Motion to Dismiss the Appeal on Grounds of Mootness and deny Appellant's Motion to Voice the Sale of the Business.

June 15, 2010                         s/ Joseph E. Irenas
                              **JOSEPH E. IRENAS, S.U.S.D.J.**